Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Thursday, September 14, 2006 2:16:05 PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 1:06-bk-00679 |
| DONTAE LACKEY, ) | |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION

On September 12, 2006, the Debtor, pro se, filed a motion to reconsider the court's order dismissing his Chapter 13 case based on his failure to obtain a pre-petition, budget and credit counseling briefing and based on his ineligibility to obtain a postponement or waiver of that requirement. The Debtor asserts that he desires to convert his case to chapter 7, and that credit counseling is not required for chapter 7 debtors. For the reasons set forth herein, the court will deny the motion to reconsider dismissal, motion to convert case to chapter 7, and motion to waive filing fee.

The Debtor filed his Chapter 13 bankruptcy petition on August 7, 2006, accompanied by a motion to waive his pre-petition credit counseling requirement or to extend time for obtaining that counseling. The court entered an order on August 8, 2006, requiring the Debtor to file a written supplement to his motion to waive credit counseling or to extend time for credit counseling, which outlines the attempts made to obtain credit counseling prior to the filing and the exigent circumstances necessitating a waiver of the credit counseling requirement; however, the Debtor failed to file the supplemental documentation. The court held a hearing on that motion on August 30, 2006, at which time, the court found that the Debtor had failed to comply with the provisions of 11 U.S.C. §109(h)(1), and the court dismissed the petition.[1] The court entered an order on September 1, 2006, memorializing

---

[1] The Debtor's petition was deficient, and despite a deficiency notice by the court, the Debtor had failed to cure the deficiencies by the August 22, 2006 deadline as required under 11 U.S.C.

1

its oral findings.  On September 12, 2006, the Debtor filed this motion to reconsider the September 1, 2006 order.[2]

The Debtor argues that reconsideration is proper because a chapter 7 debtor is not required to obtain pre-petition credit counseling.  A motion for reconsideration is an extraordinary means of relief in which the movant must do more than simply reargue the facts or law of the case.  *See Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993) (recognizing three major grounds for Rule 59(e) relief: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice."); *Stanziale v. Nachtomi*, No. 01-403, 2004 WL 1812705, at *2-3 (D. Del. Aug. 6, 2004) (stating that a court may grant a motion for reconsideration "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension."); *Dentsply Int'l., Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 417 (D. Del. 1999) ("[Motions for re-argument] should be granted sparingly and should not be used to rehash arguments already briefed or allow a 'never-ending' polemic between the litigants and the court.").  Here, reconsideration of the court's September 1, 2006 order is not proper because the Debtor has not articulated any applicable basis to alter or amend its ruling.

Moreover, in order to be a debtor under title 11, an individual must receive a credit counseling briefing from an approved nonprofit budget and credit counseling agency within the 180-day period preceding the date of filing of the petition.  11 U.S.C. §109(h)(1).  The court is able to grant a temporary exemption to the credit counseling requirement, which will give a debtor up to forty-five (45) additional days to complete the credit counseling requirement.  11 U.S.C. §109(h)(3).  In order to receive an exemption, however, a debtor is required to file a certification with the court that outlines unsuccessful attempts to obtain the services, exigent circumstances meriting a waiver, and is satisfactory to the court.  *Id*.  "The requirements in section 109(h)(3) are mandatory.  The court has no discretion to

---

§521(a), providing additional grounds for dismissal.

[2] In the same motion, the Debtor requests conversion of his case to one under chapter 7 and to waive the chapter 7 filing fees.

2

waive the credit counseling certificate requirement or to grant an exemption and extension unless a certification satisfying all three requirements is filed by the debtor." *In re Raymond*, No. 06-10275, 2006 Bankr. LEXIS 604, at *3 (Bankr. D.N.H. April 12, 2006) (holding that the court was required to dismiss the debtor's chapter 7 bankruptcy for failure to obtain pre-petition credit counseling services as required by 11 U.S.C. §109(h)(3)). The credit counseling requirement pertains to individuals who file under chapter 7, as well as chapter 13. The Debtor is not eligible to be a debtor under chapter 13 or chapter 7 based on his failure to obtain the credit counseling prior to filing his petition. The Debtor, however, is free to file another bankruptcy at any time, and he may, at that time, file an application to waive the filing fee.

     For the reasons set forth herein, the court will deny the Debtor's motion for reconsideration.

     The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.